IN THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO

COMMON PLEAS COURT
BELMONT CO. OH
2022 DEC 28 PM 1:13
CYNTHIA L. FREGIATO
CLERK OF COURT

BARBARA FEHER and
JOHN FEHER,
53295 Wegee Rd.
Shadyside, OH 43947

    Plaintiffs,

vs.

XTO ENERGY, INC.
Corporation Service Company
50 W. Broad St., Suite 1330
Columbus, OH 43215

    Defendant.

Case No. 22-CV-_358_

John A. Vavra

## COMPLAINT

NOW COME the Plaintiffs, Barbara and John Feher, husband and wife, who for their complaint against the Defendants, XTO Energy, Inc., state as follows:

1. The Plaintiffs, Barbara and John Feher, wife and husband, have been at all times material and relevant herein, residents of Mead Township, Belmont County, Ohio.

2. Upon information and belief, the Defendant, XTO Energy, Inc. (hereinafter "XTO") is and has been at all times material and relevant herein, a for profit corporation organized and existing under the laws of the State of Delaware with its principal place of business at 810 Houston Street, Fort Worth, TX 76102. Defendant XTO is licensed to do business in the State of Ohio.

3. The Plaintiffs, Barbara and John Feher, executed an oil and gas lease agreement on or about August 16, 2006 with EOG Resources, Inc. covering 81.007 mineral acres located in Mead Township, Belmont County, Ohio.



**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-242-3936

One Gateway Center
420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

1

4. After execution of the lease and before any production of oil or gas, Defendant XTO acquired the EOG lease referenced in paragraph 3 above, as well as other EOG leaseholds, and thereafter created oil and gas production unit(s) which include the property covered by the Feher lease.

5. Third party Ascent Resources, Utica, LLC (hereinafter "Ascent") owned a 5% interest in the oil and gas production associated with the subject lease and the related oil and gas production unit(s).

6. During the second half of 2022, Ascent upon information and belief acquired a 100% interest in the oil and gas production associated with the subject lease and the related oil and gas production unit(s).

7. Defendant XTO and Ascent have operated oil and gas production units including the Feher lease and have marketed and sold oil and gas related products related to the Feher lease.

8. Defendant XTO has improperly and in violation of the Feher lease agreement deducted post-production costs from the royalty share payable to the Fehers under the Feher lease agreement.

9. The Feher lease does not contemplate or permit the deduction of post-production costs from the Feher royalty share.

10. Ascent upon information and belief has not deducted post-production costs in any material amount from the royalty share payable to the Fehers under the Feher lease agreement.



BORDAS AND BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-242-3936

One Gateway Center
420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

2

11. The Feher lease includes the following "GAS" "Royalty" language at section B(2) of the agreement:

> To pay Lessor an amount equal to one-eighth of the revenue realized by Lessee for all gas and the constituents thereof produced and marketed from the Leasehold during the preceding month. Lessee may withhold Royalty payment until such time as the total withheld exceeds fifty dollars ($50.00).

12. As provided in the lease agreement the royalty share to be paid to the Lessor must be based upon "the revenue realized by Lessee for all gas and the constituents thereof produced and marketed from the Leasehold."

13. The term "revenue" in its common dictionary, legal and accounting definitions means total income, gross income, gross receipts, and/or the total income produced by a given source.

14. The term "revenue" does not implicate or suggest in any way that any deductions, adjustments and/or net income considerations are to be taken into account in the determination of the royalty share payable to the mineral owner under the lease at issue.

15. Plaintiff John Feher was concerned about the appearance of "deductions" from his and his wife's royalty share and reached out to Defendant XTO to question those deductions.

16. In response, Defendant XTO cited Mr. Feher to an incorrect lease and incorrect lease language purporting to support its deduction of post-production costs from the Feher royalty share.

17. Plaintiff John Feher learned and realized that Defendant XTO was not referring to the correct lease agreement and/or lease language in support of its alleged right to deduct post-production costs and asked Defendant XTO to send him copies of the complete lease agreements at issue.



**BORDAS AND BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-242-3936

One Gateway Center
420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

18. Defendant XTO, thereafter, sent Mr. Feher copies of the Plaintiffs' lease agreements and conceded that it had identified the incorrect lease and lease language in its previous response to Mr. Feher.

19. Defendant XTO, thereafter, cited the "revenue realized" language from the applicable lease, but attempted to justify its deduction of costs by incorrectly and inappropriately explaining that "[r]evenue realized is the amount of money realized after Lessee pays for post-production costs."

20. Defendant XTO's explanation is not correct or in accordance with the generally accepted definition of the term "revenue" and was an improper and bad faith attempt to justify its improper and unwarranted deduction of post-production costs from the Feher royalty share.

21. The Feher lease clearly stated that the royalty share payable to the Fehers would be based on the revenue realized from the sale of oil and gas products related to the Feher property.

## ALLEGATIONS REGARDING ARBITRATION

22. The lease contains an arbitration provision. It states:

ARBITRATION. In the event of a disagreement between Lessor and Lessee concerning this lease, performance thereunder, or damages caused by lessees operations, settlement shall be determined by a panel of three disinterested arbitrators Lessor and lessee shall appoint and pay the fee of one each, and the two so appointed shall appoint the third, whose fee shall be home equally by Lessor and Lessee The award shall be by unanimous decision of the arbitrators and shall be final.

23. The arbitration provision does not expressly waive a landowner's constitutional right to proceed in court or to obtain a jury trial. It lacks the express waiver of these rights that is present in many, if not most, commercial contracts today.



BORDAS AND BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-242-3936

One Gateway Center
420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

24. In fact, the lease is inherently inconsistent and references a landowner's ability to proceed in a civil court action in another provision.

(J) LIMITATION OF FORFEITURE. This **Lease shall never be subject to a civil action** or other proceeding to enforce a claim of forfeiture due to Lessee's alleged failure to perform as specified herein, **unless Lessee has received written notice of Lessor's demand and thereafter fails or refuses to satisfy Lessor's demand within 60 days from the receipt of the notice.**

25. The lease contains no promise not to sue on behalf of either party.

26. Accordingly, the lease is ambiguous as to whether the landowner may bring a civil action in court and such ambiguity must be construed against the drafter or its assignee.

27. The Fehers were not informed that by signing the lease agreement that they would be surrendering their trial rights and, instead, would be subjecting themselves solely to arbitration of any disputes. They consider any mandatory enforcement of arbitration to be a surprise and hardship.

28. Moreover, the lease lacks fundamental fairness in the arbitrator-selection provision.

29. The lease effectively allows XTO unilateral control over the choice of the arbitrator and his or her compensation.

30. While the process of each party choosing one arbitrator and the two arbitrators choosing a third is common and fair on its face, the introduction of a term that requires the arbitration award be by unanimous decision shifts control of the proceeding to a single arbitrator, which arbitrator may be unilaterally chosen and compensated by one party.

31. The process is inherently unfair as a single arbitrator cannot give a plaintiff-landowner a favorable ruling but can easily defeat a claim (or at a minimum force a mistrial)



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-242-3936

One Gateway Center
420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

5

handing the oil and gas operator who unilaterally selected and paid such arbitrator the result it desires.

32. Ohio's arbitration act does not tolerate this structure. ORC § 2711.08 provides "The award made in an arbitration proceeding must be in writing and must be signed by a majority of the arbitrators."

33. The structure of the panel selection process and arbitrator compensation combined with the unanimous award provision prevents arbitration from being an effective substitute for a judicial forum because it inherently lacks neutrality.

34. The arbitration provision lacks fundamental fairness and is both procedurally and substantively unconscionable.

35. For the reasons set forth herein and others, the arbitration provision should be held unenforceable.

## COUNT I - BREACH OF CONTRACT - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

36. The Plaintiffs re-allege and incorporate by reference the previous paragraphs of this complaint as if specifically set out herein.

37. The deduction of post-production costs from the royalty share by the Defendant is improper and illegal.

38. The Defendant has breached the oil and gas lease agreement at issue in this case by deducting post-production costs from the mineral owner's royalty share when the oil and gas lease agreement does not provide for the deduction of such alleged costs.

39. The Plaintiffs have been damaged by the Defendant's actions by not receiving the full amount of royalty proceeds that they are entitled to under the lease agreement that they executed.



**BORDAS AND BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-242-3936

One Gateway Center
420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

6

40. Implied in the subject oil and gas lease agreement(s) was a covenant requiring the lessee to act in good faith and fairly towards the oil and gas lessor.

41. The actions of the Defendant in deducting post-production costs from the lessor royalty share when the oil and gas lease agreement precluded the deduction of such costs demonstrates a breach of the implied covenant of good faith and fair dealing the Defendant owed to the Plaintiffs.

42. The actions of Defendant XTO in providing the named Plaintiffs with incorrect and improper information about the lease language at issue in this case and an improper and incorrect interpretation of the lease language at issue in this case demonstrates additional bad faith and a lack of fair dealing with the named Plaintiffs.

## COUNT II - UNJUST ENRICHMENT

43. The Plaintiffs re-allege and incorporate by reference the previous paragraphs of this complaint as if specifically set out herein and plead the following the alternative.

44. The Defendant received a benefit from the Plaintiffs by subtracting post-production costs which were not permitted to be deducted from the lessor's royalty share.

45. The Defendant recognized and had actual knowledge that it was receiving a benefit when it improperly deducted post-production costs from the royalty share of the oil and gas lessors.

46. The aforementioned benefits were received and retained by the Defendant under such circumstances that it would be inequitable and unconscionable to permit the Defendant to avoid payment for post-production costs that were being illegally taken from the Plaintiffs' royalty payments.



**BORDAS AND BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-242-3936

One Gateway Center
420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

7

## COUNT III - CONVERSION

47. The Plaintiffs re-allege and incorporate by reference the previous paragraphs of this complaint as if specifically set out herein.

48. The Plaintiffs owned mineral rights and had the right to receive full payment for their royalty interest.

49. The Defendant wrongfully and intentionally kept and withheld payments, benefits and property rights rightfully due and owing the Plaintiffs through the retention and deduction of post-production costs from the royalty share payable to the Plaintiffs.

50. The Plaintiffs have been damaged through the Defendant's conversion in that they have not received monies that were due and owing to them and have been prevented from using said monies for their own personal purposes including but not limited to the investment of those monies.

51. The Defendant's intentional and willful acts of conversion of the Plaintiffs' property were done with actual malice and/or such a conscious disregard for the rights of other persons that they a great probability of causing substantial harm. The Defendant's actions were based in a conscious wrongdoing that was deliberate and/or intentional.

52. Punitive damages are appropriate to punish and deter the Defendant's conduct and to prevent future similar conduct by other individuals and/or entities.

## COUNT IV - BREACH OF FIDUCIARY DUTY

53. The Plaintiffs re-allege and incorporate by reference the previous paragraphs of this complaint as if specifically set out herein.

54. The relationship that existed between the Defendant and the Plaintiffs created fiduciary duties and responsibilities by the Defendant towards the Plaintiffs.



**BORDAS**
— AND —
**BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-242-3936

One Gateway Center
420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

55. The Defendant's actions in deducting post-production costs when the oil and gas lease language at issue did not permit such deductions demonstrates that the Defendant failed to meet and follow their fiduciary responsibilities.

56. The Plaintiffs have been proximately injured and damaged by the actions of the Defendant in failing to meet fiduciary responsibilities.

57. Upon information and belief, the Defendant intentionally, deliberately, and/or reckless deducted post-production costs from the royalty share of the Plaintiffs when it knew or should have known (as was known by other operators such as Ascent) that the lease language at issue did not permit such deductions.

58. The Defendant's actions were done with actual malice and/or such a conscious disregard for the rights of other persons that they had a great probability of causing substantial harm. The Defendant's actions were based in a conscious wrongdoing that was deliberate and/or intentional.

59. Punitive damages are appropriate to punish and deter the Defendant's conduct and to prevent future similar conduct by other individuals and/or entities

## COUNT V - DECLARATORY JUDGMENT

60. The Plaintiffs re-allege and incorporate by reference the previous paragraphs of this complaint as if specifically set out herein.

61. The oil and gas lease at issue provides that the lessor's royalty share shall be based upon "the revenue realized by Lessee for all gas and the constituents thereof produced and marketed from the Leasehold."



**BORDAS AND BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-242-3936

One Gateway Center
420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

9

62. The term "revenue" in its common dictionary, legal and accounting definitions means total income, gross income, gross receipts, and/or the total income produced by a given source.

63. The Plaintiffs seek a declaration that the oil and gas lease language at issue does not permit the deduction of post-production costs from the lessor's royalty share.

64. The Plaintiffs seek a declaration that it is not appropriate or permissible for any current or future oil and gas operator under the lease agreement to deduct post-production costs from the lessor's royalty share.

## RELIEF SOUGHT

65. The Plaintiffs seek the return, with interest, of any and all amounts which have been deducted from their royalty share for any alleged post-production cost.

66. The Plaintiffs seek their necessary and reasonable attorney fees and costs occasioned by the Defendant's breach of their contractual obligations to pay the Plaintiffs their royalty share based on the "revenue" received.

67. The Plaintiffs seek their necessary and reasonable attorney fees and costs as permissible under Ohio law related to awards of punitive damages.

68. The Plaintiffs have experienced annoyance, inconvenience, and mental and emotional anguish as a result of the deliberate and intentional acts of the Defendant in deducting post-production costs and Defendant XTO's improper attempts to avoid complying with the lease agreement.

69. The Plaintiffs are entitled to recover punitive damages from the Defendant in order to punish it and to deter it and other individuals and/or entities from engaging in similar conduct in the future


BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-242-3936

One Gateway Center
420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

10

70. The Plaintiffs seek a declaration that the Defendant is not permitted to deduct any alleged post-production cost from the lessor's royalty share under the lease language at issue in this case.

WHEREFORE, the Plaintiffs respectfully pray that judgment be entered against the Defendant, XTO Energy, Inc., for compensatory damages in an amount in excess of $25,000.00, for punitive damages in an amount in excess of $25,000.00, for prejudgment and post-judgment interest, attorneys' fees and costs expended in this action, for declaratory relief that the defendant is not permitted to deduct post-production costs from the royalty share of lessees with the applicable lease language and any other specific and/or general relief as may become apparent as this matter progresses and such other relief as this Court deems proper.

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.

BARBARA FEHER AND
JOHN FEHER, Plaintiffs

By: /s/ Jason E. Causey

Jason E. Causey #0081933
BORDAS & BORDAS, PLLC
106 East Main Street
Saint Clairsville, OH 43950
(304) 242-8410
jcausey@bordaslaw.com
*Counsel for Plaintiffs*

State of Ohio
Belmont County
Cynthia L. Fregiato, Clerk of Courts, do hereby certify that the above is a true and correct copy of the original on file in this office.
Cynthia L. Fregiato, Clerk of Courts
By _____ Deputy

**BORDAS AND BORDAS** ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-242-3936

One Gateway Center
420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

**CERTIFIED MAIL**

Return in 5 days to
**CYNTHIA L. FREGIATO**
Clerk of Courts - Belmont County
Courthouse
101 West Main Street
St. Clairsville, OH 43950



9414 7266 9904 2192 8403 22



US POSTAGE
$008.30
First-Class - IMI
ZIP 43950
12/28/2022
034A 0081800209

**RETURN RECEIPT REQUESTED**
**PLEASE FORWARD**

22 CV 0358
71603901984042801882
XTO Energy Inc
Corporation Service Company
50 West Broad Street Suite 1330
Columbus OH 43215



Document

430 NFE 1   422C0001/11/23
NOTIFY SENDER OF NEW ADDRESS
: CORPORATION SERVICE COMPANY
3366 RIVERSIDE DR STE 103
UPPER ARLNGTN OH 43221-1734

BC: 43221173428    *0443-21158-28-40